IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHARLIE JOURNEY,<br><br>Petitioner<br><br>VS.<br><br>CYNTHIA NELSON, Warden,<br><br>Respondent | <br><br><br><br><br><br>NO. 5:06-CV-136 (CAR)<br><br>**Proceedings Under 28 U.S.C. §2254**<br>**Before the U. S. Magistrate Judge** |

# RECOMMENDATION

Respondent CYNTHIA NELSON has filed a motion to dismiss petitioner CHARLIE JOURNEY's petition in the above-captioned habeas corpus action. The respondent alleges that the petition is untimely filed under provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Tab #9. Petitioner Journey has responded to the motion. Tabs #11, #12, and #13.

AEDPA, 28 U.S.C. §2244(d) provides as follows:

*(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--*

> *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;*
>
> *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*
>
> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

> *(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

The respondent avers that the petitioner Journey's conviction became final before the enactment of AEDPA and that under *Goodman v. United States*, 151 F.3d 1335 (11th Cir. 1998) and *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209 (11th Cir. 1998), Journey had one year from April 24, 1996 in which to file his petition. The undersigned finds the respondent's analysis of the application of the one-year limitations period to be persuasive. Petitioner Journey is currently serving the two concurrent life sentences for which he was convicted by a jury on January 27, 1988. Journey was therefore subject to the one year grace period in which to file for federal habeas corpus relief which ended on April 23, 1997. The petitioner filed the instant petition on May 1, **2006**, well after the grace period expired, and argues that his petition should have been tolled for that *eighteen year* period because of impediments to his seeking direct review and other failures of the Georgia state appeals system including a conspiracy to deny him due process but cites no specific facts or valid law in support of his contention. The undersigned therefore finds that petitioner Journey exceeded the one-year period of limitations and that his federal petition is untimely filed.

Accordingly, IT IS RECOMMENDED that respondent Nelson's MOTION TO DISMISS (Tab #9) be GRANTED. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 27th day of FEBRUARY, 2007.



        CLAUDE W. HICKS, JR.
        UNITED STATES MAGISTRATE JUDGE